UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of  06/10/06  . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Crestview Funeral Home, Inc.

**Case Number:** 95-11923

### Document Information

**Description:** Order Granting [1088-1] Application For Compensation ( Fees: $ 22,859.93, Expenses: $ 494.47) by James A. McCormick on behalf of Gill & Kohr, CPA; paymen to   Gill & Kohr, CPA of $22859.93 in fees and $494.47 in expenses .

**Received on:** 2006-02-09 15:04:08.000

**Date Filed:** 2006-02-09 00:00:00.000

**Date Entered On Docket:** 2006-02-09 00:00:00.000

### Filer Information

**Submitted By:** Patti Hennessy

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

In re:   Crestview Funeral Home, Inc.,                          No. 7-95-11923 MA

   Debtor.

## ORDER GRANTING APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND COSTS FOR ACCOUNTANT

THIS MATTER is before the Court on the Application for Allowance and Payment of Compensation and Reimbursement of Expenses and Costs for Accountant ("Application").  The Application seeks the allowance and payment of compensation and reimbursement of expenses and costs for the period from July 15, 1999 through August 3, 2004, plus estimated fees and expenses to be incurred in preparing and filing the tax return for Crestview Funeral Home, Inc., due May 31, 2005. John L. Salazar and Lester E. Salazar objected to the Application, asserting that the amounts requested were excessive and duplicative.[1]  Daniel J. Behles filed a limited objection to the Application, asserting that because he holds an allowed administrative expense claim which has not yet been paid, the accountant should not be paid unless his claim is paid contemporaneously. (*See* Docket # 1091).  The United States Trustee filed a comment in support of the Application requesting that such application be approved.  (*See* Docket # 1113). The Chapter 7 trustee also represented in the Application that he

---

[1] The objection filed by Lester E. Salazar is identical to the objection filed by John L. Salazar, except that it was signed by Lester E. Salazar. (*See* Docket # 1092 and # 1093).  At the final hearing on the Application, counsel for the Trustee raised the issue of whether Lester E. Salazar had standing to object to the Application.  In light of the fact that the objection of Lester Salazar is identical to the objection filed by John Salazar and in light of the Court's ruling on the Application, the Court will not address this argument.

1

had reviewed the monthly bills

submitted by the accountant, and approved the amounts requested. (*See* Docket # 1088).

The Court held a final hearing on the Application and took the matter under advisement. The Court finds that the fees and expenses requested are reasonable and necessary and fall within the applicable standards for compensation of professionals hired by the trustee. The Court will, therefore, approve the Application and overrule the objections of John L. Salazar, Lester Salazar, and Daniel J. Behles. In reaching this determination, the Court FINDS:

1. The Chapter 7 Trustee hired Gill & Kohr (Byron Kohr, or "Accountant") as accountant for the trustee and for the bankruptcy estate, and such employment was approved by the Bankruptcy Court. (*See* Docket # 617 - Motion to Employ Accountant; and Docket # 986 - Order Approving Accountant for Trustee). The Accountant was employed in accordance with 11 U.S.C. § 327.

2. Compensation of professional persons hired by the trustee, including accountants, is governed by 11 U.S.C. § 330, which provides, in relevant part, that,

> After notice . . . and a hearing, . . . the court may award . . . a professional person employed under section 327 or 1103 –
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

3. In determining the reasonableness of the requested compensation, the following factors are relevant:

> (A) the time spent on such services;
> (B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(2).

4. The Accountant was hired for the purpose of preparing and filing tax returns on behalf of the bankruptcy estate.

5. The hourly rates requested were $120.00 for work performed by Byron Kohr, and $45.00 for work performed by a bookkeeper employed by Gill & Kohr.

6. These rates are reasonable.

7. The Accountant prepared and filed tax returns for the estate for the tax years ending May 31, 1997, May 31, 1998, May 31, 1999, May 31, 2000, May 31, 2001, May 31, 2002, May 31, 2003, and May 31, 2004.

8. The Application seeks approval of a total of $23,354.40, including expenses, costs, and applicable gross receipts taxes, broken down as follows:

| | |
|---|---|
| Accountant Fees: | $21,144.00 (Of this amount, $480.00 is attributable to 4 hours estimated to prepare the tax return for the year ending May 31, 2005) |
| Bookkeeper Fees: | $ 252.00 (of this amount, $31.50 is attributable to .7 hours estimated to prepare the tax return for the year ending May 31, 2005) |
| Expenses: | $ 494.47 |
| Gross Receipts Taxes: | $ 1,463.93 |

9. Preparing tax returns on behalf of the bankruptcy estate is necessary to the administration of

3

the bankruptcy estate and is compensable in accordance with the standards of 11 U.S.C § 330(a).

10. Although John L. Salazar objected that the fees requested were excessive and unreasonable, no evidence or testimony was offered to the Court to show that the fees were excessive. The Accountant's files and time records were entered into evidence (Accountant's Exhibits A - E). Byron Kohr testified that he performed the work preparing the tax returns, that the bookkeeper performed the work under his direction, and that he believed the amount requested was reasonable for the amount and nature of the work performed. *See In re Concept Clubs, Inc.,* 125 B.R. 634, 636 (Bankr.D.Utah 1991) ("The standard of review . . . [for] determining the compensation to be paid these professionals is . . . that of reasonable compensation for work actually performed.").

11. The amount requested is reasonable.

12. As further support for the reasonableness of the Accountant's fees, the Court notes that the fees requested earlier in the case by the accountant hired by the Debtor-in-Possession appear comparable.[2] Brian Rowe, who was hired by the Debtor-in-Possession during the administration of the Debtor under Chapter 11 of the Bankruptcy Code for the purpose of preparing and filing tax returns and assisting with preparation of a plan of reorganization, claimed an administrative expense in the

---

[2] Under Rule 201, Fed.R.Evid., made applicable to bankruptcy proceedings by Rule 9017, Fed.R.Bankr.P., the court may take judicial notice, whether requested or not, of facts that are "not subject to reasonable dispute in that [they are] . . . capable of ready determination by resort to sources whose accuracy cannot reasonably be questioned."). *See In re Calder,* 907 F.2d 953, 955 n.2 (10th Cir. 1990) (finding it appropriate that the bankruptcy court took judicial notice of the contents of the debtor's Statement of Affairs and Schedule B-1 filed in the debtor's bankruptcy proceeding); *In re Saco Local Dev. Corp.,* 30 B.R. 862, 865 (Bankr.Me. 1983) (concluding "that it is appropriate to take judicial notice of the debtor's bankruptcy case as a whole, including the documents filed in the case.").

4

approximate amount of $16,967.55 for fees incurred as accountant for the bankrupty estate through August 20, 1997, a period of approximately a year and a half from the date his employment was authorized by the Court.  (*See* Docket # 144 - Order Authorizing Employment of Accountant by Debtor-in-Possession; and Docket # 394 - Notice of Administrative Expense Claim).  Brian Rowe's hourly rate was $120.00. (*See* Docket # 122 - Application to Employ Accountant for Debtor-in-Possession).   The amount requested by Accountant for fees incurred in preparing nine tax returns is comparable to the amounts requested by the accounted hired by the Debtor-in-Possession.

      13.   The objection filed by Daniel J. Behles is overruled.  Daniel J. Behles holds an allowed Chapter 11 administrative expense for his services as an expert witness on behalf of the Debtor.  (*See* Order Granting Application for Compensation - Docket # 307).  This Application is a request for allowance of a Chapter 7 administrative expense, which has priority over allowed Chapter 11 administrative expenses.  *See* 11 U.S.C. § 726(b) (" . . . a claim allowed under section 503(b) of this title incurred under this chapter [7] after such conversion has priority over a claim allowed under section 503(b) of this title incurred under any other chapter of this title . . . before such conversion").

      WHEREFORE, IT IS HEREBY ORDERED, that the Application  is GRANTED.  Fees in the amount of $21,396.00, expenses and costs in the amount of $494.47, and applicable New Mexico gross receipts taxes in the amount of $1,463.93, for a total of $23,354.40, are approved.

                                            /s/ Mark B. McFeeley
                                            MARK B. McFEELEY
                                            United States Bankruptcy Judge

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

James A. McCormick
Trustee
1617 Sagebrush Trail SE
Albuquerque, NM 87123

P. Diane Webb
Attorney for Trustee
PO Box 1156
Albuquerque, NM 87103 -1156

Office of the United States Trustee
PO Box 608
Albuquerque, NM 87103

Daniel J. Behles
226-A Cynthia Loop NW
Albuquerque, NM 87114


John L. Salazar
1600 Escalante SW
Albuquerque, NM 87104

Lester Salazar
1600 Escalante SW
Albuquerque, NM 87104

Patti G. Hennessy
Law Clerk
(505) 348-2545

6