UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of 06/10/06. Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Crestview Funeral Home, Inc.

**Case Number:** 95-11923

## Document Information

**Description:** Order Granting in Part, Denying in Part [1084-1] Application For Compensation ( Fees: $ 9,104.32, Expenses: $ 832.27) by P Diane Webb, attorney for trustee; payment to P D. Webb of $8238.78 in fees and $629.67 in expenses .

**Received on:** 2006-02-10 13:35:20.000

**Date Filed:** 2006-02-10 00:00:00.000

**Date Entered On Docket:** 2006-02-10 00:00:00.000

## Filer Information

**Submitted By:** Patti Hennessy

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

In re: CRESTVIEW FUNERAL HOME, INC.                    No. 7-95-11923 MA

## ORDER ON SIXTH INTERIM FEE APPLICATION FOR COMPENSATION BY DIANE WEBB AS COUNSEL FOR THE TRUSTEE

THIS MATTER is before the Court on the Fifth Interim Fee Application for Compensation by Diane Webb (Webb) as Counsel for the Trustee ("Fifth Interim Fee Application"). John L. Salazar (Salazar), *pro se,* former president of Crestview Funeral Home, Inc. ("Crestview"), and Lester Salzar, *pro se*, filed objections.[1] Daniel J. Behles filed a limited objection to the Application, asserting that because he holds an allowed administrative expense claim which has not yet been paid, the accountant should not be paid unless his claim is paid contemporaneously. (*See* Docket # 1091). The Court held a final hearing on the Sixth Interim Fee Application on January 31, 2006, and the Court took the matter under advisement. After considering the Sixth Interim Fee Application and the evidence presented at the final hearing, and being otherwise sufficiently informed, the Court finds:

The Sixth Interim Fee Application covers the period from August 15, 2003 through April 22, 2005. Webb seeks Court approval of compensation requested in the Sixth Interim Fee Application in the total amount of $9,936.59, broken down as follows: 1) attorneys' fees in the amount of $8,497.50;

---

[1] The objection filed by Lester Salazar is identical to the objection filed by John Salazar. (*See* Docket # 1094 and Docke # 1095). At the final hearing on the Sixth Interim Fee Application, counsel for the Trustee raised the issue of whether Lester E. Salazar had standing to object. In light of the fact that the objection of Lester Salazar is identical to the objection filed by John Salazar and in light of the Court's ruling on the Sixth Interim Fee Application, the Court will not address this argument.

1

2) expenses and costs in the amount of $832.27[2]; 3) New Mexico gross receipts taxes in the amount of $606.82.

John Salzar and Lester Salazar filed identical objections to the Sixth Interim Application, asserting generally that the attorney for the trustee should not be compensated from the estate because the Chapter 7 trustee and his attorney failed to properly investigate whether certain pre-needs claimants were covered by insurance, such that less money has been realized from the estate. Consequently, John Salazar and Lester Salazar allege that the attorney has failed to preserve the estate, and request that the Sixth Interim Application be denied. At the final hearing, the Trustee testified that he had reviewed the insurance policies for the Debtor and determined that the policies in effect did not cover the losses relating to pre-needs accounts. Counsel for the Trustee also testified that she reviewed the insurance policies in connection with her defense of the adversary proceedings filed by John Salazar against the Trustee. No evidence of an insurance policy that would have covered the losses from pre-needs accounts was introduced into evidence at the final hearing on the Sixth Interim Application. The objection to the Sixth Interim Application based on allegations that the Trustee and counsel for the Trustee failed to properly investigate possible insurance coverage is overruled.

The Sixth Interim Fee Application summarizes the fees requested by category, as follows:

   1. Case Administration:
           $405.00        2.7 hours attorney time

   2. Tax Issues:
           $240.00        1.6 hours attorney time

---

[2]Of this amount, Debtor reports that $492.40 is taxable.

3. Adversary Proceeding 00-1091:
   $30.00     .3 hour attorney time

4. Discovery Issues:
   $855.00    5.7 hours attorney time

5. Fifth Fee Application:
   $810.00    5.4 hours attorney time

6. Disgorgement Issue Against Auctioneer:
   $570.00    3.8 hours attorney time
   $68.94     service fee for service of subpoena and exemption forms

7. Adversary No. 01-1248 time from 3rd and 4th Fee Application:
   $2,062.50  13.75 hours attorney time
   $   62.05  copies - 414 copies at .15/copy
   $    5.90  postage
   $   35.00  research Lexis/Nexis

8. Adversary No. 01-1248 time from 5th Fee Application:
   $1,890.00  12.60 hours attorney time
   $   75.25  copies
   $   12.21  postage

9. Adversary No. 01-1248 MA from 6th Fee Application:
   $1,200.00  8.0 hours attorney time

10. Preparation of fee application for estate accountant:
    $195.00    1.3 hours attorney time
    $106.95    copies - 713 copies at .15/copy

11. Preparation of Sixth Interim Fee Application:
    $240.00    1.6 hours attorney time
    $115.35    copies - 769 copies at .15/copy
    $ 97.80    copies - 652 copies at .15/copy
    $252.82    postage

Whether an objection to compensation as been filed, "the court has an independent duty to review fee applications. . ." *In re Kusler,* 224 B.R. 180, 184 (Bankr.N.D.Okla. 1998). Section 330

3

Case 95-11923-j7    Doc 1118    Filed 02/10/06    Entered 02/10/06 13:47:00 Page 4 of 9

governs compensation of attorneys employed by the trustee, and provides in relevant part as follows:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103 –
>
> > (A) reasonable compensation for actual necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and
> > (B) reimbursement for actual, necessary expenses.
>
> . . .
>
> (3) In determining the amount of reasonable compensation to be awarded the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> > (A) the time spent on such services;
> > (B) the rates charged for such services;
> > (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> > (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
> > (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.
>
> (4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for –
>
> > (i) unnecessary duplication of services; or
> > (ii) services that were not –
> > > (I) reasonably likely to benefit the debtor's estate; or
> > > (II) necessary to the administration of the case.

11 U.S.C. § 330(a)

In determining whether the requested fees are necessary, the Court will consider whether the services benefitted the estate, keeping in mind that requested fees need not automatically be denied as

4

unnecessary where they do not provide a tangible benefit to the estate. *In re Lederman Enterprises, Inc.,* 997 F.2d 1321, 1323 (10th Cir. 1993) (determining that necessary fees are those fees that benefit the estate); *Van Cott, Bagley, Cornwall & McCarthy v. B.R. & F., L.C. (In re Ricci Investment Co., Inc.),* 217 B.R. 901, 906 (D. Utah 1998) (noting that "necessary fees include, but are not limited to those that benefit the estate.") (citation omitted). When determining whether services benefitted the estate, "Courts should also consider 'whether the services rendered promoted the bankruptcy process in accordance with the practices and procedures provided under the Bankruptcy Code.'" *Kusler,* 224 B.R. at 184 (quoting *In re Spanjer Bros., Inc.,* 203 B.R. 85, 90 (Bankr. N.D.Ill. 1996)). Work in defense of an adversary proceeding filed against the Trustee is compensable from the estate, provided the amount of the fee is otherwise reasonable. *See In re Ricci,* 217 B.R. at 907 (noting that "[n]ecessary and actual fees are allowable in situations where the fees are unavoidably incurred . . . even if they are not of a benefit to the estate."). In addition, attorneys' fees incurred in preparation of a fee application are compensable from the bankruptcy estate. *See In re CF & I Fabricators,* 131 B.R. 474, 483 (Bankr. D.Utah 1991) ("Because the fee application is required by the bankruptcy court, the professional is entitled to the reasonable market rate for time in fulfilling that requirement.") (citation omitted).

In view of these standards, the Court finds that the following requested amounts must be disallowed:

      a.    $30.00 for teleconferences with court reporter regarding transcripts in connection with Adversary Proceeding No. 00-1091. This amount is trustee work and is not appropriately compensable as attorneys' fees incurred by counsel for the Chapter 7 Trustee. *See* 11

5

U.S.C. § 328(b); *Kusler,* 224 B.R. at 186 (noting that 11 U.S.C. § 328(b) "has been interpreted as requiring the denial of compensation to an attorney appointed to represent the trustee for performing the trustee's statutory duties.") (citations omitted).

   b. $168.00 (1.4 hours of the 5.4 hours of attorney time requested) in defending the Fifth Interim Fee Application. The amount requested is excessive. *See In re Vista Foods, USA, Inc.,* 234 B.R. 121, 130 (Bankr.W.D.Okla. 1999) ("[Services found to be excessive, redundant, or unnecessary are not compensable.") (citations omitted).

   c. $127.40 for photocopies charged at .15 per page. The charge for photocopies compensable by the estate is limited to the actual cost. *See CF & I Fabricators,* 131 B.R. at 494 (discussing telecopier charges, and noting that in accordance with § 330(a)(2) only "actual, necessary expenses" may be reimbursed so that only the actual, out of pocket expenses are compensable. "Professionals cannot make a profit by billing in excess of actual charges for expenses to the estate.") (citation omitted). The Court will allow photocopies at the rate of 10¢ per page, for a total allowed amount of $254.80. (.10 X 2548 copies).

   d. $75.25 for photocopies charged in connection with Adversary Proceeding No. 00-1248 M requested in connection with the Fifth Interim Fee Application.[3] This charge for photocopying does not specify the cost per page and the Court, therefore, cannot determine whether the copy charge bears a relation to the actual cost incurred. It is not the Court's job to decipher and interpret entries in support of a request for compensation. *See Kusler,* 224 B.R. at 184 ("The burden is on the

---

[3]The Order on the Fifth Interim Fee Application specifically excluded fees and costs relating to Adversary No. 00-1248 M. (*See* Docket # 1074)

6

professional seeking payment from the estate to provide sufficient information regarding the services rendered and the expenses incurred . . .").

      e. $600.00 (4 hours of the 8 hours of attorney time requested) for work performed in connection with Adversary No. 00-1248 M included as part of the Sixth Interim Application. Eight hours of attorney time for the work described in the Sixth Interim Application relating to Adversary No. 00-1248 is excessive.

WHEREFORE, IT IS HEREBY ORDERED that Sixth Interim Fee Application is GRANTED, in part. Attorneys' fees in the amount of $7,699.50, costs and expenses in the amount of $629.67[4], plus applicable New Mexico gross receipts taxes at the rate of 6.75% in the amount of $539.28[5], are hereby APPROVED, for a total allowed amount of $8,868.45. Fees in the amount of $798.00 and costs in the amount of $202.65 are hereby DISALLOWED.

ORDERED FURTHER, that the limited objection of Daniel J. Behles is overruled.[6]

_____
MARK B. McFEELEY
United States Bankruptcy Judge

---

[4]Of this amount, $289.80 is taxable.

[5]($7,699.50 in attorneys' fees + $289.80 in taxable costs) X .0675 = $539.28

[6]Daniel J. Behles holds an allowed Chapter 11 administrative expense for his services as an expert witness on behalf of the Debtor. (*See* Order Granting Application for Compensation - Docket # 307). The Sixth Interim Application is a request for allowance of a Chapter 7 administrative expense, which has priority over allowed Chapter 11 administrative expenses. *See* 11 U.S.C. § 726(b) (" . . . a claim allowed under section 503(b) of this title incurred under this chapter [7] after such conversion has priority over a claim allowed under section 503(b) of this title incurred under any other chapter of this title . . . before such conversion").

7

Case 95-11923-j7    Doc 1118    Filed 02/10/06    Entered 02/10/06 13:47:00 Page 8 of 9

I hereby certify that a true and correct copy of the foregoing was either electronically
transmitted, faxed, delivered, or mailed to the listed counsel and parties, on the date file-stamped
above.

P. Diane Webb
Attorney for Trustee
PO Box 1156
Albuquerque, NM 87103

Office of the United States Trustee
PO Box 608
Albuquerque, NM 87103

John L. Salazar
1600 Escalante SW
Albuquerque, NM 87104

Lester Salazar
1600 Escalante SW
Albuquerque, NM 87104

Daniel J. Behles
226-A Cynthia Loop NW
Albuquerque, NM 87114

_____
Patti G. Hennessy
Law Clerk
(505) 348-2545

8